The Honorable Ralph D. Turlington Commissioner of Education The Capitol Tallahassee, Florida 32301 Mr. William Fountain Property Appraiser Walton County Post Office Box 691 DeFuniak Springs, Florida 32433
Dear Sirs:
This is in response to your request for an opinion on substantially the following questions:
 MAY THE WALTON COUNTY SCHOOL DISTRICT RECOUP CERTAIN "FEFP" FUNDS WHICH WERE LOST BECAUSE OF A CHANGE IN THE 1980 WALTON COUNTY TAX ROLL; IS THERE A CONFLICT BETWEEN THE PROVISIONS OF s 236.081(6)(b) and s 193.1145(11), F.S.?
Your inquiry notes that the 1980 Walton County tax roll was protested, resulting in the use of an interim tax roll. After adjudication of the protests, property values were increased approximately $41 million. Upon receipt of the final certified roll, the Department of Education adjusted the Florida Education Finance Program ("FEFP") calculation for 1980, resulting in a negative adjustment of $188,891 because of the assessment roll change, as authorized by s 236.081(6)(b), F.S. Your letter also notes that the Walton County School District asserts that it asked the property appraiser "to refrain from rolling back the 1980 Local Required Effort millage and certify the 1980 Local Required Effort millage to the tax collector," but that "he has refused to do so based on his interpretation of section 193.1145(3)(b), (6), (7), and (11), Florida Statutes."
The school district wishes to recover the funds lost to it by the negative adjustment in its FEFP allowance, and the Department of Education needs to ascertain if it is correctly interpreting the provisions of s 236.081, F.S.
Section 236.02(6) (renumbered [7] in the 1983 statutes) requires school districts that participate in the state appropriations for the Florida Education Finance Program to make the minimum financial effort required for the support of the FEFP as prescribed in the current year's General Appropriations Act. Section 236.081, F.S., provides for the annual state allocation from the Florida Education Finance Program (FEFP) to each district for operation of schools by means of a formula set forth in that statute. See, s 236.081(1), (2) and (3). Subsection (4) of s 236.081 describes the method for computation of each district's "required local effort." That subsection provides for the Commissioner of Education to compute and certify to each district school board the millage rate that is the minimum necessary to provide the district's required local effort for that year. Paragraph (6)(b) provides that if any school district received an underallocation or overallocation for any prior year because of, inter alia, an assessment roll change, "the allocation to that district shall be appropriately adjusted." The Commissioner, in administering this paragraph, shall use the most recent tax roll data for the appropriate year. See, s 236.081(4)(a).
Applying these provisions of s 236.081, the Department of Education upon receipt of the official final tax roll, adjusted the Walton County School District's FEFP calculation for 1980. At that point the school district asked the property appraiser to "refrain from rolling back the 1980 Local Required Effort millage . . ." so that that district's "share of taxes thus collected would replace the fund reduction resulting from the FEFP adjustment." However, the property appraiser declined to do so, stating that he was "not allowed to collect further taxes."
Section 193.1145(11) specifically provides that millage imposed pursuant to s 236.02(6) (subsequently renumbered [7] in F.S. 1983) in 1980-1981 (required local effort millage) shall not be recomputed by the property appraiser notwithstanding the provision of subsection (7) of s 193.1145 which generally provides for the recomputation of provisional millage rates of taxing units.[1]
Therefore, pursuant to s 236.081(6)(b), it became the duty of the Commissioner of Education to recompute the 1980 required local effort millage rate, and make any necessary adjustments to the FEFP allocation to the school district.
Therefore, no conflict exists between the provisions of s 193.1145
pertaining to the duties of the county property appraiser and those provisions of s 236.081(6)(b) pertaining to the duties of the Commissioner of Education.
In summary, then, I am of the opinion that, upon recomputation and reconciliation of the 1980 Walton County tax assessment roll, the property appraiser is not authorized by law to recompute the required local effort millage imposed pursuant to s 236.02(7), F.S. However, the Commissioner of Education is required by s 236.081(6)(b), F.S., to make necessary adjustments to the "FEFP" allocation to the school district because of changes made to the 1980 tax assessment roll.
Sincerely,
Jim Smith Attorney General
Prepared by:
Anne Curtis Terry Assistant Attorney General
[1] Note that subsection (11) applies only to the types of millage enumerated therein, and does not apply to any discretionary millage levied by the school district.